United States District Court
District of New Jersey

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | HON. MICHAEL A. SHIPP |
| v. | : | **CRIMINAL COMPLAINT** |
| SHANE WEST, | : | |
| and | : | Magistrate No. 09-6022 |
| ANTHONY YOUNG | : | |

I, Jarred Matyka, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. From at least as early as October 1, 2008 through on or about January 27, 2009, in the District of New Jersey and elsewhere, defendant did:

knowingly and intentionally conspire with one another and others to possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and

In violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent with the Immigration and Customs Enforcement and that this complaint is based on the following facts:

SEE ATTACHMENT A

Jarred Matyka
Special Agent
Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

2/9/09
Date                                at                      , New Jersey
                                        City and State

Honorable Michael A. Shipp
United States Magistrate Judge                 Signature of Judicial Officer

ATTACHMENT A

I, Jarred Matyka, am a Special Agent with the Immigration and Customs Enforcement. Based upon my investigation and my discussions with other individuals involved in this investigation, I have knowledge of the following facts:

1. From at least as early as October 1, 2008 through on or about January 27, 2009, in the District of New Jersey and elsewhere, defendant Shane West had consensually recorded conversations with a confidential informant ("CI"), wherein West discussed purchasing more than 5 kilograms of cocaine from the CI.

2. For his part of the transaction, Shane West was to pay $340,000 in cash to the CI. In return, the CI was supposed to deliver 10 kilograms to Shane West.

3. West and the CI set the date of the exchange for January 27, 2009 in the vicinity of Lawrenceville, N.J.

4. On that date, Shane West traveled to the proposed meeting place in a black Lexus. An individual later identified as Anthony Young was the driver of the Lexus. A third individual, later identified as Quancine Robinson, was a passenger in the rear seat of the Lexus.

5. The CI approached the black Lexus and engaged in a conversation with the occupants, wherein, Shane West suggested that the location of the exchange be changed, due to Shane West's belief that the activities of the parties were being surveilled by law enforcement officers. Shane West then got into the front seat of the CI's car.

6. Pursuant to this conversation, the location of the exchange was altered and the parties drove to the new pre-arranged location, a restaurant parking lot. Once at the new location, Shane West got out of the front passenger seat of the CI's vehicle, returned to the Lexus and then went back to the CI's vehicle.

5. As Shane West and the CI continued to converse about the exchange in the CI's vehicle, Anthony Young approached the CI's vehicle with a laundry bag, purportedly containing the $340,000 cash.

6. Anthony Young then approached the rear of the CI's vehicle, inquiring of the CI, as to which of the duffle bags in the rear of the vehicle contained the cocaine. In actuality, one of the duffle bags contained sham narcotics, the others contained no controlled substances.

7. The CI exited his vehicle and approached Anthony Young in an attempt to inspect the contents of the laundry bag, however, the Anthony Young would not allow him to inspect the bag. Instead, Anthony Young pushed the CI and attempted to retrieve an object from his person, which the CI presumed was a gun.

8. The CI prevented Anthony Young from retrieving any weapon. Law enforcement officers then descended upon the scene, arresting Shane West. Anthony Young escaped on foot and a loaded 9 mm firearm was later recovered in the area where he fled. A loaded firearm was also recovered off of Shane West at the time of his arrest.

2

9. An inspection of the laundry bag after West's arrest revealed that it was stuffed with towels, not cash.